UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CURTIS JONES, JR., Plaintiff,<br>v.<br>HARRIS DRILLING, *et al.*, Defendants. | Case No. 3:25-cv-00488-ART-CLB<br><br>ORDER PARTIALLY ADOPTING REPORT & RECOMMENDATION |

On September 8, 2025, Plaintiff Curtis Jones, Jr., filed a pro se complaint alleging that his former employer and supervisor engaged in workplace discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and state tort law. (ECF No. 1-1.) Although Mr. Jones initially failed to pay the filing fee or file an application to proceed in forma pauperis (ECF No. 1), he later rectified this at the Court's instruction by filing an in forma pauperis application (ECF Nos. 4, 5). His case then proceeded to screening.

Before the Court now is the Report and Recommendation ("R&R") issued by Magistrate Judge Carla Baldwin, recommending that Mr. Jones's application to proceed in forma pauperis be granted, that his complaint be dismissed without leave to amend, and that the case be closed. (ECF No. 6.) Mr. Jones objected to the R&R and requested leave to amend his complaint. (ECF Nos. 7, 8.)

Upon review, the Court adopts the R&R insofar as it recommends granting the application to proceed in forma pauperis and dismissing Mr. Jones's Title VII claims with prejudice. However, the Court grants Mr. Jones's request for leave to file an amended complaint.

## I. BACKGROUND

According to Mr. Jones's complaint, this action arises from the termination of his employment with Defendant Harris Drilling. (ECF No. 1-1 at 2-3.) While

employed by Harris Drilling, Mr. Jones, who self-describes as "an older African-American man," reported to Defendant Jay Hasslet. (*Id.* at 2.) He alleges that Mr. Hasslet engaged in a pattern of harassment based on Mr. Jones's race, including by sending racially derogatory text messages, making racial jokes and comments in front of other employees, and making demeaning age-based insults and remarks. (*Id.*) Mr. Jones further alleges that he was terminated in January 2024 shortly after objecting to Mr. Hasslet's behavior. (*Id.* at 3.)

The complaint further details that Mr. Jones timely filed a complaint with the Equal Employment Opportunity Commission (EEOC). (*Id.*) The EEOC declined to pursue the charge and, on September 20, 2024, issued Mr. Jones a notice of his right to sue. (*Id.* at 7.) Mr. Jones then filed this federal action raising three claims under Title VII for race discrimination, hostile work environment, and retaliation, and two additional claims under state tort law for intentional infliction of emotional distress and negligent hiring, retention, and supervision. (*Id.* at 4-5.) He seeks back pay, lost wages, and compensatory and punitive damages totaling $800,000. (*Id.* at 5-6.)

Mr. Jones initially failed to pay the filing fee or submit along with his complaint an application to proceed in forma pauperis. (ECF No. 1.) The Court issued an order instructing him to do so (ECF No. 4), and he timely complied by filing an application to proceed in forma pauperis (ECF No. 5).

Judge Baldwin then issued the present R&R, which first recommends that Mr. Jones's in forma pauperis application be granted. (ECF No. 6 at 1-2.) In screening the complaint, the R&R next recommends that Mr. Jones's Title VII claims be dismissed with prejudice, as they are time-barred. (*Id.* at 3-4.) The R&R further recommends that the state claims should be dismissed without prejudice and without leave to amend because after dismissing the federal law claims, the Court lacks supplemental jurisdiction to hear the state law claims. (*Id.* at 4.)

Mr. Jones filed an objection arguing that the R&R should not be adopted

because his complaint was timely filed and that he should be granted leave to amend his complaint to add federal law claims. (ECF No. 7.) The docket reflects that he filed a second motion that is duplicative of the first. (ECF No. 8.)

## II. LEGAL STANDARD

Magistrate judges are empowered to issue reports and recommendations on dispositive issues, which district judges may "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* In contrast, a court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). But the nature of district court review of R&Rs, objected-to or not, ultimately falls within the district court's discretion. *Webb v. Califano*, 468 F. Supp. 825, 828 (E.D. Cal. 1979) ("The nature of that review will vary with the circumstances, and the court has the discretion to determine the extent to which it will review the matter.").

## III. DISCUSSION

Mr. Jones objects to the recommended dismissal of his Title VII claims, arguing that the R&R misstates the date that his complaint was filed in federal court and that, although he "is unaware if the date on the claim is within the permissible time limitation," he believes that his claims were timely. (ECF No. 7 at 1-2.) He further asks the Court not to dismiss his action due to this timing issue and to instead permit him to amend his complaint to include additional federal law claims. (*Id.* at 2.) The Court thus adopts the R&R as to all other issues, such as the recommendation that it grant Mr. Jones's application to proceed in forma pauperis, and proceeds to review the objected-to issues de novo.

### A. Dismissal of Federal Law Claims

Under Title VII, a claimant must first file a charge with the EEOC. 42 U.S.C.

§ 2000e-5(e)-(f). If the EEOC declines to pursue the charge, it must notify the claimant of their right to sue, after which point the claimant has 90 days to file a civil action on their own behalf. *See* 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the [EEOC] . . . is dismissed by the [EEOC], . . . [the EEOC] shall so notify the person aggrieved and within ninety days after giving such notice a civil action may be brought[.]") "[T]his ninety-day period operates as a limitations period. If a litigant does not file suit within ninety days '[of] the date EEOC dismisses a claim,' then the action is time-barred." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (quoting *Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992)).

The limitations period is measured "from the date on which a right-to-sue notice letter arrive[s] at the claimant's address of record." *Id.* at 1122. Where the record does not establish the arrival date, courts in the Ninth Circuit presume that the letter arrived a maximum of three days after the date that the letter was issued. *Id.* at 1124-26. A plaintiff may rebut the three-day presumption by providing evidence that receipt was delayed more than three days from the letter's issuance. *Id.* at 1126-27. Otherwise, the plaintiff must initiate their federal action within 93 days from the date the EEOC issues them a notice of their right to sue. *Id.* at 1125-27.

Mr. Jones does not object to the above legal standard; rather, he argues that his claims were in fact timely filed and states his belief "that the complaint [was] filed or at least sent to the courts a year earlier than" the R&R acknowledges. (ECF No. 7 at 2.) The R&R states that Mr. Jones filed his complaint on September 8, 2025. (ECF No. 6 at 4.) The Court agrees, as this date matches the docket entry corresponding to the complaint. (ECF No. 1.) Moreover, even were the Court to accept the premise that there was some delay in its processing of Mr. Jones's complaint, the complaint indicates that Mr. Jones signed and dated it on August 29, 2025 (ECF No. 1-1 at 6), making this the earliest possible

date it could have been filed. Evaluating Mr. Jones's claims based on the earlier date, the Court concludes that the claims are still time-barred: the EEOC notice was issued on September 20, 2024, clearly informing him that he needed to file his lawsuit within 90 days of receiving the notice. (ECF No. 1-1 at 7.) Mr. Jones has not provided evidence that the notice reached him more than three days after it was issued. Therefore, applying the three-day presumption, *Payan*, 495 F.3d at 1126-27, Mr. Jones's Title VII claims became time-barred on December 22, 2024.

Because Mr. Jones filed his Title VII claims nearly nine months after the deadline for doing so had passed, the Court concludes that these claims are time-barred and should be dismissed with prejudice.

**B. Dismissal of State Law Claims**

With no federal claims remaining, the next question is whether the Court may entertain Mr. Jones's state law claims. The Court finds that the complaint pleads sufficient facts to support diversity jurisdiction despite the dismissal of the Title VII claims. *See Scott v. Davita, Inc.*, No. 3:26-CV-00046-ART-CLB, 2026 WL 2128210, at *4-6 (D. Nev. Mar. 25, 2026) (evaluating diversity jurisdiction over the remaining state law claims where a plaintiff's federal claims were dismissed with prejudice and without leave to amend).

"Federal district courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). To exercise jurisdiction over a civil action, a federal court must have either federal-question jurisdiction or diversity jurisdiction. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). For the Court to have federal-question jurisdiction, the action must arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). Because the Court dismisses Mr. Jones's only federal

law claims, it thus lacks federal-question jurisdiction.

Diversity jurisdiction exists when the plaintiff's citizenship is diverse from the citizenship of each defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). An individual's citizenship is determined by their state of domicile, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), while a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010) (defining corporate citizenship based on the location of "the corporation's 'nerve center'"). In diversity cases, the burden of proving all jurisdictional facts rests on the party seeking jurisdiction. *Kanter*, 265 F.3d at 857–58.

After dismissing the federal claims, the Court finds on the face of the complaint a plausible basis for entertaining diversity jurisdiction over what remains of this action. At this stage, the Court must construe the pleadings in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), and allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers," *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

The complaint states that Mr. Jones is a resident of Montana. (ECF No. 1-1 at 2.) Although residence does not establish citizenship, the Court construes this pleading as effectively alleging that Mr. Jones is domiciled in Montana, which does establish citizenship. *See Kanter*, 265 F.3d at 857. The complaint further alleges that Defendant Harris Drilling is a company "operating in Nevada" and that Defendant EarthDrilling, Ltd. is a Canadian company. (ECF No. 1-1 at 2.) While the complaint does not allege facts regarding the citizenship of the remaining defendant, Mr. Hasslet, it does explain that Mr. Jones worked with Mr. Hasslet in Nevada and does not indicate that either Mr. Hasslet or the corporate defendants have any ties to Montana. (*Id.*) Rather, other than stating Mr. Jones's

current residence in Montana and EarthDrilling's status as a foreign company, the complaint focuses squarely on events and actors in Nevada. And the amount-in-controversy appears to exceed $75,000, as Mr. Jones seeks $800,000 in damages, back pay, and lost wages. (*Id.* at 5-6.)

The Court is thus satisfied that the complaint provides a sufficient basis for exercising subject-matter jurisdiction over Mr. Jones's state law claims despite the dismissal of all federal law claims.

**C. Leave to Amend**

The final question is whether Mr. Jones should be granted leave to amend his complaint. Under Federal Rule of Civil Procedure 15, "[i]n general, a court should liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). This principle "is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). To determine whether leave to amend should be granted, a court "consider[s] five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). An amendment is "futile only if no set of facts can be proved under the amendment that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Mr. Jones asks the Court to grant him 60 days to amend his complaint. This is his first request for amendment. The Court does not find that Mr. Jones has engaged in bad faith or caused undue delay, nor would amendment prejudice Defendants at this early stage, before Defendants have been brought into the case. Given the liberal amendment standard for *pro se* plaintiffs, *Eldridge*, 832

F.2d at 1135, the Court thus concludes that while amendment would be futile as to Mr. Jones's Title VII claims for the reasons discussed above, it would not necessarily be futile as to other claims. Rather, some set of facts may exist to support additional federal or state law claims against Defendants.

## IV. CONCLUSION

It is therefore ordered that the R&R (ECF No. 6) is ADOPTED IN PART insofar as it recommends granting the application to proceed in forma pauperis (ECF No. 5) and dismissing the Title VII claims with prejudice.

It is further ordered that the R&R is REJECTED IN PART insofar as it recommends dismissing the state law claims without leave to amend.

It is further ordered that Plaintiff's objection to the R&R (ECF No. 7) is GRANTED IN PART insofar as it seeks leave to amend. Plaintiff shall have until January 1, 2027, to file an amended complaint consistent with this order. Failure to do so will result in the case proceeding on just the two state law claims.

It is further ordered that Plaintiff's remaining motion (ECF No. 8) is duplicative and thus DENIED AS MOOT.

Dated this 2nd day of November 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE